UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ENID HERNANDEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br>   vs.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC and DEVILLE ASSET MANAGEMENT, LP,<br><br>           Defendants. | Case No.: 16-cv-46<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Enid Hernandez is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her debts allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, § 421.301(17), Wis. Stats., in that she engaged in a consumer transaction.

6. Defendant Dynamic Recovery Solutions, LLC ("DRS") is a limited liability company with its principal place of business located at 135 Interstate Blvd, Suite 6, Greenville, SC 29615.

7. DRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. DRS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. DRS is a debt collector as defined in 15 U.S.C. § 1692a and § 427.103(3), Wis. Stats.

9. DRS collects debts, allegedly owed to DeVille Asset Management, LP ("DVA").

10. Defendant DVA is a limited partnership with its principal place of business located at 1132 Glade Rd, Colleyville, TX 76034.

11. DVA is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time DVA acquires them.

12. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

13. DVA uses third party debt collectors and attorneys, including DRS, to collect allegedly defaulted debts that have been assigned to DVA.

14. A company meeting the definition of a "debt collector" under the FDCPA (here, DVA) is vicariously liable for the actions of a second company collecting debts on its behalf.

*Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

15. DVA, directly or indirectly or both, is a debt collector under the above arrangement and is jointly responsible for DRS's actions. 15 U.S.C. § 1692a(6).

## FACTS

16. Plaintiff entered into a consumer transaction with "FINGERHUT" ("Fingerhut") for a credit account to purchase retail household goods at Fingerhut.

17. Prior to December 2, 2015, Plaintiff's account with Fingerhut went into default.

18. Prior to December 2, 2015, and after Plaintiff's account with Fingerhut was in default, Fingerhut sold or otherwise assigned the ownership rights to Plaintiff's account to DVA.

19. On or about December 2, 2015, DRS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to DVA and originally owed to Fingerhut. A copy of this letter is attached to this complaint as Exhibit A.

20. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

21. Exhibit A states "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org."

22. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

23. DRS does not, in fact, hold a Wisconsin Collection Agency License.

3

24. DRS is not licensed by the Office of the Administrator of the Division of Banking.

25. DRS was not licensed by the Office of the Administrator of the Division of Banking at the time Exhibit A was sent to Plaintiff.

26. DRS is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/ (visited January 12, 2016).

27. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that DRS did not hold a Wisconsin collection agency license on the date that Exhibit A was mailed.

28. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.")

**COUNT I – FDCPA**

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. Exhibit A falsely states that: "This collection agency is licensed by the Division of Banking" for the State of Wisconsin.

31. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

33. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

34. Defendants violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9) by falsely informing consumers that DRS was licensed by the State of Wisconsin's Division of Banking.

## **COUNT II – WCA**

35. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36. The alleged underlying transaction, i.e. a credit account to purchase retail household goods, was a consumer credit transaction or consumer transaction with an agreement to defer payment.

37. Credit accounts are "open-end credit plans," pursuant to Wis. Stat. § 421.301(27)(a). "Open-end credit plans" are, by definition, "consumer credit transactions." Wis. Stat. § 421.301(10) ("The term [consumer credit transaction] includes … transactions pursuant to open-end credit plans").

5

38. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

39. By using a letter which falsely represented DRS's licensing status in Exhibit A, Defendant used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

40. Defendants violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

41. Plaintiff defines the class as (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by DRS, (c) stating that DRS is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family or household purposes, (e) allegedly owed to DVA, (e) on or after January 12, 2015, (f) that was not returned by the postal service.

42. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

43. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

44. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

46. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

47. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 12, 2016

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com